IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

HUDSON SMALLS, by his guardians, )
ROSEMARY SMALLS AND WILLIS )
McREYNOLDS, and ROSEMARY SMALLS, )
individually, )
)
    Plaintiffs, )
) CIVIL ACTION FILE
v. )
) NO. _____
UNITED STATES OF AMERICA, )
)
    Defendant. )
_____)

**COMPLAINT**

Plaintiffs Hudson Smalls, by his duly appointed guardians Rosemary Smalls and Willis McReynolds, and Rosemary Smalls, individually, allege:

1.

This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2.

Plaintiffs have filed contemporaneously herewith a Certificate of Interested Parties pursuant to S.D. Ga. L.R. 3.2, the contents of which are incorporated by reference as if fully set forth herein.

3.

A substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the Augusta Division of the Southern District of Georgia. Venue is proper pursuant to 28 U.S.C. §1391(e)(2).

4.

Plaintiff Rosemary Smalls has been married to Hudson Smalls since June 30, 1984 and, along with Willis McReynolds, is his duly appointed co-guardian.

5.

At all times mentioned herein, Defendant United States of America ("Defendant"), through the Department of Veterans Affairs, an agency of Defendant, owned and operated the V.A. Medical Center in Augusta, Georgia.

6.

Timely and adequate administrative claim notices were sent to and received by the Office of Regional Counsel, Department of Veterans Affairs, regarding the claims made herein.

7.

Notice of the denial of the claims made on behalf of Mr. Hudson Smalls was sent to Plaintiffs' counsel on May 9, 2011.  Six months have passed since Plaintiff Rosemary Smalls' notice of claim was received by the Office of Regional Counsel and there has been no denial of Mrs. Smalls' claim.

8.

On May 12, 2010, Mr. Hudson Smalls, a 56 years old military veteran who became paraplegic in 1982 as a result of a service-related injury, was admitted to the V.A. Medical Center in Augusta ("VAMC") with diagnoses of pressure sores on both heels, a deep ulcer on his right buttock, a urinary tract infection, dehydration, questionable septicemia, and acute renal insufficiency.

9.

On Saturday, May 15, 2010, Mr. Smalls had dark tea-colored urine, a very painful distended firm abdomen that made it difficult to breath, nausea, constipation and multiple episodes of vomiting.

10.

On Sunday, May 16, 2010, Mr. Smalls continued to have intense abdominal pain, nausea and vomiting. He vomited in bed and his gown and bed linen were soiled with green emesis. The head of his bed was lowered and he was left unattended while a nurse and/or a health tech went to get cleaning supplies.

11.

While unattended, Mr. Smalls vomited and aspirated stomach contents into his trachea and lungs. As a result, he was unable to breath and sustained cardiopulmonary arrest.

12.

When VAMC staff returned to Mr. Smalls' room some time later, Mr. Smalls was unconscious, was not breathing, and had no heartbeat.

13.

The cardiopulmonary arrest lasted at least 20 minutes before the "code team" was able to re-establish a pulse. As a result, Mr. Smalls' brain and other vital organs were deprived of sufficient oxygen, and he sustained severe irreversible brain damage.

14.

The care and treatment rendered to Mr. Hudson Smalls by Defendant's employees and/or agents on May 15 and 16, 2010 at VAMC, as described herein and in the affidavit of Neil Farber,

M.D., attached as Exhibit 1 and incorporated herein, fell below the degree of skill and care ordinarily employed by physicians, nurses and hospital staff generally under similar conditions and like circumstances and constituted negligence, as set forth in paragraphs 4 and 5 of the affidavit attached hereto as Exhibit 1.

15.

The affidavit of Neil Farber, M.D., is attached hereto as Exhibit 1 pursuant to O.C.G.A. § 9-11-9.1, and is incorporated herein by reference. Said affidavit sets forth negligent acts or omissions by Defendant via its employees and/or agents.

16.

As a direct and proximate result of the negligence of Defendant's agents and employees, Plaintiff Hudson Smalls (a) aspirated gastric contents, was deprived of oxygen, endured pain and suffering, and sustained cardiopulmonary arrest with resulting severe irreversible brain damage; (b) is in a persistent vegetative state, requires extensive medical and nursing care, and will require such care for the remainder of his life, and (c) has lost and continues to lose income.

17.

As a direct and proximate result of the negligence of Defendant's agents and employees, Plaintiff Rosemary Smalls has been and will continue to be deprived of her husband's consortium, companionship and services.

WHEREFORE, Plaintiffs pray:

(a)     That judgment be entered in favor of Plaintiff Hudson Smalls against Defendant in the amount of $50,000,000 for Mr. Smalls' pain and suffering, lost income and future anticipated medical expenses; and

- 5 -

(b) That judgment be entered in favor of Plaintiff Rosemary Smalls in the amount of $10,000,000 for her loss of her husband's consortium, companionship and services; and

(c) That Plaintiffs have such other relief as the Court may deem proper.

                    **BLASINGAME, BURCH, GARRARD & ASHLEY, P.C.**

                    /s/ James B. Matthews, III
                    James B. Matthews, III
                    Georgia Bar No. 477559
                    Adam B. Land
                    Georgia Bar No. 075641

440 College Ave.
P.O. Box 832
Athens, GA 30603
706-354-4000                    **ATTORNEYS FOR PLAINTIFFS**