INTHEUNITEDSTATESDISTRICTCOURT
FORTHESOUTHERNDISTRICTOFGEORGIA

| | | |
|---|---|---|
| Hudson Smalls, by his guardians, | ) | |
| Rosemary Smalls and Willis McReynolds, | ) | |
| and Rosemary Smalls, Individually, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 1:11-CV-0175-JRH-WLB |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. §2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendant, the parties' attorneys, and the settlement broker, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1. The parties to this Stipulation For Compromise Settlement And Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees,

Page 1

*Hudson Smalls, et al., v. United States*
Stipulation for Compromise Settlement

and it is specifically denied that they are liable to the Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

    3. Within a reasonable time after counsel of record for the United States receives (i) this Stipulation signed by plaintiffs and their counsel to said document and (ii) the Social Security number or tax identification number of plaintiffs and their attorneys; and (iii) authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will request that the United States Department of the Treasury expeditiously send by electronic funds transfer the sum of One Million Seven Hundred Thousand Dollars ($1,700,000.00) to the trust account of Blasingame, Burch, Garrard and Ashley, P.C. to hold until Plaintiffs' attorney has filed a motion with the United States District Court for the Southern District of Georgia to dismiss this action in its entirety with prejudice.

    In consideration for the payment of the Cash payment from the United States, the plaintiffs stipulate and agree that the United States will not sign any annuity application form or uniform qualified settlement form or any equivalent. Plaintiffs further stipulate and agree that they, their attorneys, and/or their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during or after the settlement) will not attempt to structure the Cash payment from the United States into any qualified settlement fund or its equivalent. However, nothing in this Paragraph precludes the plaintiffs from purchasing standard, non-structured settlement annuities after the plaintiffs have cashed their settlement proceeds check, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they

*Hudson Smalls, et al., v. United States*
Stipulation for Compromise Settlement

agree they will not attempt to purchase such structured settlement annuities. Plaintiffs further agree that they will endorse the United States settlement check to be deposited in the attorney's client trust account to facilitate the disbursement of any amounts authorized by the approving court.

4. The parties agree that any attorneys' fees owed by the Plaintiffs in this action against the United States under the Federal Tort Claims Act shall not exceed twenty-five percent (25%) of the Settlement Amount as provided in 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses of this action against the United States and their costs, expenses, and fees shall be paid out of the Upfront Cash paid pursuant to paragraph 3.a.(1) above, and not in addition thereto. The parties further agree that any fees, including fees in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

5. The Plaintiffs stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. The Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. The Plaintiffs and their attorney represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or a claim

Page 3

*Hudson Smalls, et al., v. United States*
Stipulation for Compromise Settlement

for payment or reimbursement arising from the injuries that are the subject matter of this action. The Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or Plaintiff has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or Plaintiff has waived and released such lien and claim.

6. Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby accept the sums set forth above in Paragraph 3 in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of Hudson Smalls, or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of that gave rise to the above-captioned action.

7. Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute)incident to, or resulting or arising from, the acts or omissions that gave

Page 4

*Hudson Smalls, et al., v. United States*
Stipulation for Compromise Settlement

rise to the above-captioned action, including claims or causes of action for wrongful death. With respect to any current known liens or claims for payment/reimbursement arising from the injuries that are the subject matter of this action, the Plaintiffs stipulate and agree that they, by and through their attorney, will satisfy or resolve any and all such known liens or claims before any portion of the settlement paid pursuant to Paragraph 3 above is distributed to the Plaintiffs.

8. This compromise settlement is specifically subject to each of the following conditions:

   a.    The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

   b. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States

*Hudson Smalls, et al., v. United States*
Stipulation for Compromise Settlement

Attorney's Office will seek settlement authority from the Attorney General or the

Attorney General's designee, the Plaintiffs must provide the United States with either (i)

all such releases and waivers required by this Paragraph 5.e., or (ii) a written

representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law

firms' records and files, including expert and consultant reports, and of the Plaintiffs'

records and files, the Plaintiffs and their attorney are unaware of any such potential

tortfeasor.

9. The parties agree that this Stipulation, including all the terms and conditions of this

compromise settlement and any additional agreements relating thereto, may be made public in

their entirety, and the Plaintiffs expressly consent to such release and disclosure pursuant to 5

U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with

a separate signature page for each party. All such counterparts and signature pages, together,

shall be deemed to be one document.

**WHEREAS,** the parties accept the terms of this Stipulation for Compromise Settlement

and Release as of the dates written below:

Executed this day of February, 2013.

EDWARD J. TARVER
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF GEORGIA

BY: _Shannon H Statkus_
Shannon Heath Statkus
Assistant United States Attorney, Southern District of Georgia
Attorney for Defendant, United States of America

Page 6

*Hudson Smalls, et al., v. United States*
Stipulation for Compromise Settlement

Executed this ___20___ day of ___Dec___, 2012.

Blasingame, Burch, Garrard and Ashley, P.C.

By: _____
    James B. Matthews, Esq.

Executed this _____ day of _____, 2012.

By: _____
    Jeanne Anne Steffin, Esq.

ATTORNEYS FOR PLAINTIFFS

Executed this __2 0__ day of __Dec.__, 2012.
PLAINTIFFS

By: _____
    Rosemary Smalls, individually,
    and as guardian of Hudson Smalls.
    DOB: November 5, 1947

By: _____
    Willis McReynolds, as guardian of Hudson Smalls
    DOB: _5-20-70_

*Hudson Smalls, et al., v. United States*       Page 7
Stipulation for Compromise Settlement

Executed this ___20___ day of __Dec.___, 2012.

Blasingame, Burch, Garrard and Ashley, P.C.

By: _____
     James B. Matthews, Esq.

Executed this _21 st_ day of _December_, 2012.

By: _____
     Jeanne Anne Steffin, Esq.

ATTORNEYS FOR PLAINTIFFS


Executed this ___20___ day of __Dec.___, 2012.
PLAINTIFFS


By: _____
     Rosemary Smalls, individually,
     and as guardian of Hudson Smalls.
     DOB: ███████████

By: _____
     Willis McReynolds, as guardian of Hudson Smalls
     DOB: ███████████


*Hudson Smalls, et al., v. United States*        Page 7
Stipulation for Compromise Settlement